PANISH SHEA & BOYLE LLP
RAHUL RAVIPUDI, State Bar No. 204519
  *ravipudi@psblaw.com*
JESSE MAX CREED, State Bar No. 272595
  *creed@psblaw.com*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California  90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

PUBLIC JUSTICE
JENNIFER D. BENNETT, State Bar No. 296726
  *jbennett@publicjustice.net*
475 14th St., Suite 610
Oakland, CA 94612
Telephone: (510) 622-8150

Attorneys for Plaintiffs

MILLER ADVOCACY GROUP PC
MARCI LERNER MILLER, State Bar No. 162790
  *marci@milleradvocacy.com*
1303 Avocado Ave., Suite 230
Newport, CA 92660
Telephone: (949) 706-9734

Attorneys for Plaintiffs and Plaintiff-Intervenor

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

HALIE BLOOM, *et al.*, and all others similarly situated.

Plaintiffs,

v.

ACT, INC., a corporation, and DOES 1-100.

Defendant.

JAQUEL PITTS, an individual, and all others similarly situated,

Plaintiff-Intervenor,

v.

ACT, INC., a corporation, and DOES 1-100.,

Defendant.

Case No.: 2:18-CV-06749-GW-KS
District Judge George H. Wu;
Magistrate Judge Karen L. Stevenson

**DECLARATION OF JESSE CREED**

Date:    October 1, 2020
Time:    8:30 a.m.
Crtrm.:  9D

I, Jesse Creed, declare as follows:

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1.      I am an attorney duly admitted to practice before this Court.  I am an attorney with Panish Shea & Boyle LLP, attorneys of record for Plaintiffs.  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

2.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Settlement Agreement and Proposed Consent Decree, dated as of September 2, 2020, among the Plaintiffs and ACT (the "Settlement Agreement").  The Settlement Agreement, if approved, would resolve all the claims in this action.  All capitalized terms used herein that are not otherwise defined have the meanings set forth in the Settlement Agreement.

3.      On September 2, 2020, ACT confirmed in writing to me that all ACT examinees would be able, going forward, to enroll in EOS in the same manner during the process of registering to take the ACT Test and to be assigned ACT ID numbers, without regard to whether an examinee will test with or without accommodations and without regard to whether an examinee has or does not have any disabilities.  ACT informed me the date on which ACT completed the changes was August 2, 2020.  Thus, for all purposes under the Settlement Agreement, the Date of Completion of Changes is August 2, 2020.

### Events Leading Up to Settlement Negotiations

4.      On August 6, 2018, Plaintiffs, represented by me and Panish, Shea & Boyle LLP, filed this action.  *See* Compl., ECF No. 1.

5.      On August 30, 2018, Plaintiffs filed a motion for preliminary injunction enjoining ACT from reporting the existence and nature of examinees' disabilities on college score reports.  *See* P.'s Mot. for Prelim. Inj., ECF No. 11.  The Court required ACT to stipulate to ceasing the practice challenged in the motion as a condition to denying the motion.

6.      On September 11, 2018, ACT filed a motion to stay the claims of certain plaintiffs pending arbitration.  *See* D.'s Mot. to Stay, ECF No. 24.  On December 4, 2018, the Court granted ACT's motion.  *See* Dec. 4, 2018 Order, ECF No. 86.  On January 22, 2019, ACT filed a motion to stay the claims of newly-added plaintiffs. *See* D.'s Mot. to Stay, ECF No. 100.  On the same day, Plaintiffs filed a motion to certify the Court's December 4 arbitration ruling for interlocutory appeal under 28 U.S.C. § 1292(b) and a motion for relief from the Court's arbitration ruling.  ECF No. 101.  On March 7, 2019, the Court denied ACT's motion to stay the claims of newly-added plaintiffs and granted Plaintiffs' motion to certify the Court's December 4 arbitration ruling for interlocutory appeal under 28 U.S.C. § 1292(b) and motion for relief from the Court's arbitration ruling.  *See* Mar. 7, 2019 Order, ECF No. 126.  On May 31, 2019, the Ninth Circuit granted Plaintiffs' petition to file an interlocutory appeal.  *See* May 31, 2019 Order, ECF No. 151.

7.      Beginning in January 2019, the Parties engaged in extensive discovery.

a.      A.C. has propounded (i) three sets of requests for production with a total of 43 requests and (ii) four sets of interrogatories with a total of 38 requests.

b.      M.B. has propounded (i) three sets of requests for production with a total of 11 requests and (ii) two sets of interrogatories with a total of 17 requests.

c.      Caroline L. has propounded (i) three sets of requests for production with a total of 4 requests and (ii) one set of interrogatories with a total of 6 requests.

d.      Jane Doe has propounded (i) three sets of requests for production with a total of 4 requests and (ii) one set of interrogatories with a total of 6 requests.

e.      Sam M. has propounded (i) three sets of requests for production with a total of 6 requests and (ii) two sets of interrogatories with a total of 17 requests.

f.      Jaquel Pitts has propounded (i) one set of requests for production with a total of 4 requests and (ii) two sets of interrogatories with a total of 9 requests.

g.      Defendant ACT has propounded (i) one set of requests for production to each of M.B., Caroline L., Jane Doe, Sam M., and Jaquel Pitts with a

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   total of 17 requests and (ii) one set of interrogatories to each of M.B., Caroline L.,

2   Jane Doe, Sam M., and Jaquel Pitts with a total of 16 requests.

3          h.     Defendant ACT has propounded on A.C. (i) two sets of requests

4   for production with a total of 17 requests and (ii) two sets of interrogatories with a

5   total of 16 requests.

6          i.     Before settlement discussion began, the Parties had eight separate

7   discovery disputes they were teeing up for resolution by the magistrate judge.  The

8   Parties had teed up one dispute for resolution by the Court that required two informal

9   discovery conferences and briefing.  *See* ECF No. 142; ECF No. 174; ECF No. 197;

10   ECF No. 204; ECF No. 206.

11       8.     Settlement discussions began in earnest after the Court's August 5, 2019

12   hearing and ruling on ACT's motion to dismiss under Rule 12(b)(6).  At that hearing,

13   the Court directed the Parties to hold a status conference to discuss, among other

14   things, the "issue of mediation and the scope of mediation."  Attached hereto as

15   Exhibit 2 is a true and correct copy of the transcript of the hearing on August 5, 2019

16   in this case.

17       9.     On September 27, 2020, the Parties filed a joint status report under seal

18   describing the scope of settlement discussions up to that date and the reasons for the

19   Parties' decision not to mediate the case as of that date.  ECF No. 220.

20       10.    On October 22, 2020, the Parties filed a joint status report informing the

21   Court that they had agreed to mediate the case.  ECF No. 231.

22       11.    On November 18, 2019, the Court held a hearing and issued a tentative

23   on ACT's second motion to dismiss.  ECF No. 243.  Generally, ACT moved to

24   dismiss the Special Testing barrier claims (referred to in the motion for preliminary

25   approval as the Special Testing EOS Practice) on the basis that ACT does not own or

26   operate a place of public accommodation, that ACT is not subject to the Rehabilitation

27   Act as ACT is not a recipient of federal funds, and that the claims of A.C. and Jaquel

28   Pitts are time-barred.  The Court issued a tentative ruling granting the motion as to the

1   Rehabilitation Act, but denying the motion as to the remainder of the claims.  ECF
2   No. 243 at 13.

3       12.     After the Court's tentative ruling, the Parties' mediation discussions
4   picked up speed.  In December 2019, the Parties set a mediation for January 31, 2020
5   before the Honorable Louis Meisinger.  On January 15, 2020, the Court entered a stay
6   of proceedings and discovery to permit the attention and focus to be on the mediation
7   efforts, including informal discovery related to the mediation.  ECF No. 251.  ACT
8   provided discovery to Plaintiffs to facilitate and inform settlement discussions,
9   including the start and end dates of the challenged practices and the estimated number
10  of class members in each class.

11      13.     On January 31, 2020, the Parties held a full day mediation before Judge
12  Meisinger.  Before the mediation, the Parties exchanged multiple drafts of a term
13  sheet.  For the mediation, the Parties submitted mediation briefs to Judge Meisinger.
14  After the January 31, 2020 mediation, negotiations among the Parties broke down, and
15  it was unclear whether further mediation would be pursued.  The Parties continued to
16  negotiate.  They agreed to do a second day of mediation.

17      14.     The Parties set a second day of mediation for April 30, 2020.  Plaintiffs
18  would not engage in any substantive negotiation about or reach any agreement on
19  monetary compensation for the classes until the prospective relief was materially
20  agreed-to.  Before the second day, the Parties feverishly negotiated the term sheet
21  regarding prospective relief and had largely agreed on the material terms.  From
22  October 2019 to September 2, 2020, the Parties exchanged dozens of drafts of the
23  term sheets or formal agreements for the Consent Decree and the Settlement
24  Agreement and had multiple calls to negotiate substantive terms.  The complex
25  negotiation process spanned nearly nine months, with the Parties requesting a stay to
26  focus attention and resources on settlement discussions on January 15, 2020 and
27  repeated continuances of status conferences to permit further negotiations until an
28  agreement was concluded on September 2, 2020.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone · 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

15.     The parties did not engage in substantive negotiation about or reach any agreement on attorneys' fees, reimbursement of expenses, or class representative service awards (all of which will be subject to future application to the court) until they had resolved all essential terms of the relief available to the Class.

**Numerosity**

16.     On June 30, 2020, ACT provided the selected Settlement Administrator KCC a list of class members and their contact information.  KCC told the Parties that it had deduped the data to the best of its ability and had performed an analysis of the data.  According to KCC's analysis:

a.      There are approximately 55,984 unique individuals in the California Disclosure Subclass.

b.      There are approximately 9,749 unique individuals in the California EOS Subclass.  Each of those individuals would be expected to receive two shares of the Net Settlement Amount, as every member of the California EOS Subclass is by definition also a member of the California Disclosure Subclass.

c.      There may be a few more individuals in each of the California Settlement Classes, but the number of additional individuals is expected to be no more than 60 individuals.  KCC is continuing to de-duplicate another data file that has approximately 60 records.

d.      There are at least 55,984 unique individuals in the Injunctive Relief Class, as the Injunctive Relief Class includes by definition every member of the California Disclosure Subclass.

e.      Because every member of the California EOS Subclass is by definition a member of the California Disclosure Subclass, there are a total of approximately 55,984 unique individuals in the California Settlement Classes. Because every member of the California EOS Subclass has two claims to the Net Settlement Amount, there are a total of approximately 65,733 claims.

**Commonality**

Case No. 2:18-CV-06749-GW-KS
DECLARATION OF JESSE CREED

17. There are a number of common questions of facts and law presented by this case, including the following:

a. Does ACT have a policy of annotating college score reports with information indicating that the examinee has a disability or a need for testing accommodations?

b. Would the aforementioned policy be unlawful under the Americans with Disabilities Act, the Unruh Act, California's Unfair Competition Law, or California's constitutional right to privacy?

c. Does ACT have a policy of requiring Special Testing examinees to complete an additional burden to enroll in the EOS program?  Does ACT operate a place of public accommodation?

d. Would the aforementioned policy be unlawful under the Americans with Disabilities Act, the Unruh Act, California's Unfair Competition Law, or California's constitutional right to privacy?

e. Would statutory tolling under the discovery rule or fraudulent concealment toll the statute of limitations for class members as to each of the policies challenged?

## The Proposed Settlement Class/Subclass Representation (Typicality and Adequacy of Representation)

18. Halie Bloom took the ACT Test several times.  Halie Bloom is a member of the California Disclosure Subclass because she took the ACT Test after September 1, 2002 and before August 2, 2002, resided in California at the time she took the ACT Test, and provided an Eligible SPS Question 8 Response (as defined by the Settlement Agreement) and was administered the exam through Special Testing.  Ms. Bloom is a member of the California EOS Subclass because she took an ACT Test through Special Testing on or after September 1, 2007, and before August 2, 2020, resided in California at the time she took the ACT Test, and left the response to the EOS Opt-In Query blank on the Special Testing answer folder for at least one exam.  Ms. Bloom is

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

DECLARATION OF JESSE CREED

a member of the Injunctive Relief class because she took the ACT Test through Special Testing and provided an Eligible SPS Question 8 response.

19.     Devin Linkon took the ACT Test several times.  Mr. Linkon is a member of the California Disclosure Subclass because he took the ACT Test after September 1, 2002 and before August 2, 2002, resided in California at the time he took the ACT Test, and provided an Eligible SPS Question 8 Response (as defined by the Settlement Agreement) and was administered the exam through Special Testing.  Mr. Linkon is a member of the California EOS Subclass because he took an ACT Test through Special Testing on or after September 1, 2007, and before August 2, 2002, resided in California at the time he took the ACT Test, and left the response to the EOS Opt-In Query blank on the Special Testing answer folder for at least one exam.  Mr. Linkon is a member of the Injunctive Relief class because he took the ACT Test through Special Testing and provided an Eligible SPS Question 8 response.

20.     Emma L. took the ACT Test several times.  Emma L. is a member of the Injunctive Relief class because she provided an Eligible SPS Question 8 response.

21.     John Doe took the ACT Test at least once.  John Doe is a member of the California Disclosure Subclass because he took the ACT Test after September 1, 2002 and before August 2, 2002, resided in California at the time he took the ACT Test, and provided an Eligible SPS Question 8 Response (as defined by the Settlement Agreement) and was administered the exam through Special Testing.  John Doe is a member of the Injunctive Relief class because he took the ACT Test through Special Testing and provided an Eligible SPS Question 8 response.

22.     Sam M. took the ACT Test at least once.  Sam M. is a member of the Injunctive Relief class because he took the ACT Test through Special Testing and provided an Eligible SPS Question 8 response.

23.     Caroline L. took the ACT Test at least once.  Caroline L. is a member of the Injunctive Relief class because she took the ACT Test through Special Testing and provided an Eligible SPS Question 8 response.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

24.     Jane Doe took the ACT Test several times.  Jane Doe is a member of the California Disclosure Subclass because she took the ACT Test after September 1, 2002 and before August 2, 2002, resided in California at the time she took the ACT Test, and provided an Eligible SPS Question 8 Response (as defined by the Settlement Agreement) and was administered the exam through Special Testing.  Jane Doe is a member of the California EOS Subclass because she took an ACT Test through Special Testing on or after September 1, 2007, and before August 2, 2020, resided in California at the time she took the ACT Test, and left the response to the EOS Opt-In Query blank on the Special Testing answer folder for at least one exam.  Jane Doe is a member of the Injunctive Relief class because she took the ACT Test through Special Testing and provided an Eligible SPS Question 8 response.

25.     M.B. took the ACT Test at least once.  M.B. is a member of the California Disclosure Subclass because he took the ACT Test after September 1, 2002 and before August 2, 2002, resided in California at the time he took the ACT Test, and provided an Eligible SPS Question 8 Response (as defined by the Settlement Agreement) and was administered the exam through Special Testing.  M.B. is a member of the California EOS Subclass because he took an ACT Test through Special Testing on or after September 1, 2007, and before August 2, 2020, resided in California at the time he took the ACT Test, and left the response to the EOS Opt-In Query blank on the Special Testing answer folder for at least one exam.  M.B. is a member of the Injunctive Relief class because he took the ACT Test through Special Testing and provided an Eligible SPS Question 8 response.

26.     A.C. took the ACT Test three times.  A.C. is a member of the California Disclosure Subclass because she took the ACT Test after September 1, 2002 and before August 2, 2002, resided in California at the time she took the ACT Test, and provided an Eligible SPS Question 8 Response (as defined by the Settlement Agreement) and was administered the exam through Special Testing.  A.C. is a member of the California EOS Subclass because she took an ACT Test through

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

Special Testing on or after September 1, 2007, and before August 2, 2020, resided in California at the time she took the ACT Test, and left the response to the EOS Opt-In Query blank on the Special Testing answer folder for at least one exam.  A.C. is a member of the Injunctive Relief class because she took the ACT Test through Special Testing and provided an Eligible SPS Question 8 response.

27.     Jaquel Pitts took the ACT Test several times.  Mr. Pitts is a member of the California Disclosure Subclass because he took the ACT Test after September 1, 2002 and before August 2, 2002, resided in California at the time he took the ACT Test, and provided an Eligible SPS Question 8 Response (as defined by the Settlement Agreement).  Mr. Pitts is a member of the Injunctive Relief class because he provided an Eligible SPS Question 8 response.

28.     I am thoroughly familiar with this action, including through discovery, and am unaware of any conflict between the Plaintiffs and the absent class members. I am also unaware of any conflict of interest between the Plaintiffs and the lawyers representing the Plaintiffs.  There are no incentive agreements between the lawyers representing the Plaintiffs and the Plaintiffs.

## **Predominance and Superiority**

29.     The common issues outlined above under the header Commonality would predominate over individual issues in this action.  As an initial matter, the Third Amended Complaint does not seek damages under any statute other than California law.  The ADA is the basis for relief for non-California class members, and the only relief available under Title III of the ADA is injunctive relief.  Predominance and superiority requirements do not apply to claims for injunctive relief, as the claims for injunctive relief would be subject to certification under Rule 23(b)(2) only.

30.     For California class members, the common issues predominate over individual issues because the Unruh Act awards statutory damages.  Once liability is established under the Unruh Act and there is a determination that (1) the policy challenged exists, (2) the policy challenged applies to the plaintiff, and (3) the policy

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

is unlawful under the Unruh Act, statutory damages would automatically follow.  The Unruh Act explicitly incorporates the federal ADA as standards of conduct, Cal. Civ. Code § 51(f), resulting in the availability of statutory damages for California plaintiffs suing under the ADA.

31.     The class action vehicle is a superior vehicle to the litigation of individual claims.  The Rule 23(b)(2) class for injunctive relief would avoid the litigation of individual claims for an injunction restraining ACT from applying a company-wide policy to individuals on an individual-by-individual basis.  This would be duplicative, inefficient, expensive, and wasteful. The Rule 23(b)(3) class for damages would avoid the litigation of individuals claims for an automatic statutory damages award.  While the individual damage awards under the Unruh Act are higher than many consumer class actions, the amount remains relatively low, at $4,000 each, for individuals to pursue individual actions. Moreover, some of those individuals would be subject to ACT's arbitration clause.  For those individuals, the costs and fees necessary to litigate thousands or tens of thousands of arbitrations would be crushing to ACT and inefficient, reducing the potential amount of a compensatory recovery to class members.

### Qualifications of Proposed Class Counsel

32.     Plaintiffs request that the law firms of Panish, Shea & Boyle LLP and Miller Advocacy Group PC be appointed class counsel for the California Settlement Classes and the Injunctive Relief Class.

33.     Panish, Shea & Boyle LLP, particularly the two lead attorneys prosecuting this action, myself and Rahul Ravipudi, has extensive experience in litigating class actions, multidistrict litigation, mass torts, and complex litigation, including the below cases.  In all these cases, Mr. Ravipudi, myself, and members of our firm Panish, Shea & Boyle, LLP , have vast amounts of experience in handling large, complex cases, class actions, and single and multi-party actions nationwide involving consumer products, pharmaceuticals, automobile components, products

liability, dietary supplements, aviation disasters, medical devices and litigation against utility companies. Mr. Ravipudi personally and members of his law firm have served as lead trial counsel, liaison counsel, class counsel, members of executive, steering or other leadership committees on behalf of plaintiffs in many mass/class actions, both in federal Multi-District Litigation and California State Coordinated Litigation proceedings. In these cases, Panish, Shea & Boyle's attorneys have played significant roles in the retention and preparation of experts, conducting discovery, law and motion work, trial preparation, evidentiary and expert witness hearings and motions in limine, much of which work has been of common benefits to similar cases throughout the country.

a. *Southern California Fire Cases*, JCCP No. 4965, Mr. Ravipudi is personally Co-Lead Counsel for the thousands of victims of the 2017 Thomas Fire and resulting Montecito Debris Flow with over $10 billion at stake as against Southern California Edison.

b. *California North Bay Fire Cases*, JCCP No. 4955, Mr. Ravipudi personally serves as an Executive Committee Member for the tens of the thousands of victims of the fourteen 2017 North Bay Fires with over $20 billion at stake as against PG&E.

c. *Southern California Gas Leak Cases*, JCCP No. 4861, Mr. Ravipudi's firm Panish, Shea & Boyle is Co-Lead Trial Counsel in one of the largest mass torts in history. (38,000 residents of Porter Ranch damaged as the result of a gas well blow out at the Southern California Gas Company's Aliso Canyon Storage Facility in October 2015). I personally am extensively involved in the *Southern California Gas Leak Cases*.

d. *Natural Gas Anti-Trust Cases I, II, III & IV* (Pipeline Cases), coordinated in San Diego County, JCCP Nos. 4221, 4224, 4226 and 4228. These cases involve California class actions brought as a result of restraints put on California's electrical and gas market. Mr. Ravipudi and his firm were designated

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   lead class counsel in this matter.   A settlement was reached early on with the El Paso

2   Defendants in the amount of $1.7 billion and has been distributed to the Class

3   members.  Plaintiffs' counsel subsequently reached a settlement with the Sempra

4   Defendants for approximately $1.7 billion.

5          e.     *Team Design v. Reliant Energy, Inc., et. al.* (Price Indexing Cases),

6   MDL 1566, 2:03-cv-01432, C.A. No. 2:03-3644.  California antitrust class action

7   against Reliant Energy and its subsidiaries and others based on the allegation that

8   Defendants illegally manipulated the California energy markets.  Mr. Ravipudi and his

9   firm were designated lead class counsel in this matter.   The case settled with a

10  majority of the Defendants for over $100 million.

11         f.     *The Rhulen Company, Inc. v. Canon U.S.A. Inc.*, Los Angeles

12  County Superior Court Case Number BC 172473.  This case involved an initial class

13  action brought as a result of consumers receiving a defective product.  This case was

14  settled for a confidential sum.

15         g.     *Acosta v. Betz Laboratories, Inc., et al.*, Los Angeles County

16  Superior Court, case number BC161669.  While at Engstrom, Lipscomb & Lack, Mr.

17  Ravipudi assisted in the representation of over 1,000 plaintiffs claiming personal

18  injuries from exposure to Chromium VI.  This case was settled for a confidential sum.

19  Acosta was the sequel to Adams v. Pacific Gas and Electric, Los Angeles County

20  Superior Court, case number BC 113000 which, after trying approximately 30 of the

21  cases, the defendant settled all of the cases for $333 million in 1996.

22         h.     *In re Vioxx*, MDL Docket Number 1657 (E.D. La.), Mr. Ravipudi

23  represented a number of individual plaintiffs claiming personal injuries or death as a

24  result of the consumption of Vioxx and was a leader in the Plaintiffs' Steering

25  Committee which ultimately procured a pending settlement on behalf of all claimants

26  of over $4 billion.  Members of Panish Shea & Boyle also participated as lead counsel

27  in the only Vioxx trial in California in which a jury made a finding of liability against

28  Merck.

i.      *In re Diet Drug Cases* (Fen-Phen), Los Angeles Superior Court JCCP 4032, Mr. Ravipudi represented a number of individual plaintiffs claiming personal injuries or death as a result of the consumption of Fen-Phen and members of Panish Shea & Boyle participated in the Plaintiff Executive Committee.

j.      *In re Welding Rod Products Liability Litigation*, MDL Docket Number 1535.  Mr. Ravipudi represented a large number of persons claiming personal injuries resulting from exposure to welding rod fumes alleged to cause Parkinson Syndrome like symptoms.  Kathleen M. O'Malley, tel: 216-357-7242.

k.      *The Glendale Metrolink Derailment Cases*,  Los Angeles County Superior Court, case number BC332426, pending action in which Mr. Ravipudi's firm represents a large number of persons claiming personal injuries resulting from the derailment of the Metrolink in Glendale, California on January 26, 2005.  Members of Panish Shea & Boyle participated on the Plaintiffs Steering Committee and were designated as Co-Lead Trail Counsel.

l.      *In re Crown Princess Listing Incident Cases*, Los Angeles County Superior Court, case number BC356095, pending action in which Mr. Ravipudi's firm represented a number of persons injured in the listing of the Crown Princess Cruise Ship in July 18, 2006.  Members of Panish Shea & Boyle participated on the Plaintiffs Steering Committee.

m.      *In re Toyota Motor Corp. Unintended Acceleration Cases,* United States District Court Central District of California Southern Division, case number 8:10ML2151 JVS (FMOx), an action in which Mr. Ravipudi's firm Panish, Shea & Boyle LLP are Co-Lead Liaison Counsel for Personal Injury/Wrongful Death Cases arising out of the numerous persons injured by the unintended acceleration of various vehicles manufactured by Toyota Motor Corporation.  Members of Mr. Ravipudi's firm Panish Shea & Boyle participate on the Plaintiffs Steering Committee.

n.      *Johnson v. CSAA* cases, Superior Court of California, County of Sacramento, case number, 07AS03197, action in which Mr. Ravipudi's firm Panish

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

Shea & Boyle served as co-counsel alongside Dreyer Babich Buccola & Wood and Kershaw and Cutter & Ratinoff in representing a class of policyholders against CSAA Inter-Insurance Bureau.  The Class action arose from the failure of CSAA to waive deductibles for its insureds who have been involved in accidents with uninsured motorists.

o.   *Singapore Airlines 006* cases, Central District of California, MDL 1394, pending action in which members of Mr. Ravipudi's firm Panish Shea & Boyle served the Plaintiff's Executive Committee and Plaintiff's Steering Committee in the federal mass tort litigation concerning the air crash of Singapore Airlines Flight 006.

p.   *Alaska Airlines 261* cases, Northern District of California, MDL 1394, members of Mr. Ravipudi's firm Panish Shea & Boyle served the Plaintiff's Executive Committee and Plaintiff's Steering Committee in the federal mass tort litigation concerning the air crash of Alaska Airlines Flight 261.

q.   *Chatsworth Metrolink Collision* cases, Los Angeles Superior Court, Lead Case No. PC043703, pending action in which members of Mr. Ravipudi's firm Panish Shea & Boyle serve the  Plaintiff's Steering Committee in the coordinated state court litigation concerning the largest train crash in U.S. history that killed 25 people and injured over 100 others.

s.   *Blythe Bus Cases*, Lead Case No. BC 549973 (Los Angeles Superior Court, Cal.).  Mr. Ravipudi served as Co-Lead Trial Counsel and a member of the Plaintiff Steering Committee in a consolidating proceeding involving thirty-one plaintiffs.

34.   My co-counsel at Miller Advocacy Group PC ("MAG") is a disability rights law firm with the mission of improving access of students with disabilities to post-secondary education and employment opportunities.

a.   The attorneys at MAG have extensive experience in handling complex litigation and the types of claims asserted in the action, including claims based on the Americans with Disabilities Act, the Rehabilitation Act of 1973 and the

DECLARATION OF JESSE CREED

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  Unruh Civil Rights Act.  MAG has extensive education and experience representing
2  students with disabilities and in special education law matters, specifically in the
3  secondary and post-secondary education context.  Marci Miller, the principal of MAG,
4  received advanced training through the Special Education Advocacy Training
5  program, a nationally recognized program developed by the University of Southern
6  California and Children's Hospital of Los Angeles,

7              b.      The attorneys at MAG also have many years of collective
8  experience handling class actions and other complex litigation matters such as the
9  claims asserted in this action. For example, MAG currently acts as counsel for the
10  plaintiffs in *Smith v. Regents of the University of California* (Alameda Sup. Ct.), a
11  case in which students with disabilities allege the discriminatory use of standardized
12  tests by the University of California. MAG is also co-counsel for plaintiffs in *Hurvitz*
13  *v. Facebook and LinkedIn Corporation* (N.D. Cal.), a consolidated case of fifteen
14  different complex actions alleging the improper dissemination of confidential and
15  sensitive data. MAG is co-counsel for plaintiffs in the putative class action, *J.P., The*
16  *National Center for Fair and Open Testing v. Educational Testing Services* (C.D.
17  CA), a case alleging the violation of the Unruh Civil Rights Act, the Americans with
18  Disabilities Act and the Rehabilitation Act of 1973, and Business and Professions
19  Code 17200 and 17500 based upon the defendants' failure to provide students with
20  disabilities access to the at-home Advanced Placement exam and limiting access to the
21  2020 AP Exams.

22              c.      Other attorneys at MAG include Christina Hoffman, Christina
23  Harvell-Brown and Aimee Goldstein. Christina Hoffman, a partner at MAG, has
24  worked extensively in litigation involving special education, consumer rights, and
25  privacy law. Ms. Hoffman acted as the defense counsel in *Evans v. Procter & Gamble*
26  in a Bus. & Prof. Code 17200 consumer class action. She also represented Alpha
27  Omega Services, Inc. in a complex business arbitration proceeding in a dispute
28  involving contract and privacy issues.  Aimee Goldstein, a consultant with MAG, has

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   practiced law in both California and New York. She specializes in complex

2   transactions, education and disability discrimination law. Ms. Goldstein worked at

3   Irell & Manella's California office, became a partner at Clifford Chance LLP and then

4   Simpson Thatcher & Bartlett LLP, and in 2017, Ms. Goldstein limited her practice to

5   educational consulting, focusing on students with disabilities. Ms. Goldstein has

6   represented clients before the Federal Trade Commission, the Antitrust Division of the

7   Department of Justice and numerous state and foreign competition authorities. She

8   also represented MasterCard in both *In re Visa Check/MasterMoney Class Action*

9   *Litigation,* a class action lawsuit brought against MasterCard and Visa by a class of 4

10  million retailers alleging more than $40 billion in damages for antitrust violations.

11          d.      Because certain facts about ACT, Inc.'s testing and reporting

12  process were not generally known to the public, MAG learned these facts through a

13  thorough and extensive investigation that began over one year prior to the filing of this

14  action. As the facts of the case unfolded in litigation, MAG continued its investigation

15  and uncovered additional facts about the test registration process that were not

16  generally known to the public. MAG expended significant resources diligently

17  investigating facts in this action that were essential to the representation of plaintiffs

18  and other examinees with disabilities, and those facts led to the specific claims

19  ultimately asserted. MAG expended significant time and effort identifying and

20  interviewing potential plaintiffs and witnesses, collecting their documentation, and

21  communicating with plaintiffs and their parents in response to discovery requests.

22                  **The Settlement is Fair, Reasonable, and Adequate**

23          35.     Administrative costs are estimated by KCC to be $166,481.

24          36.     Assuming the maximum attorneys' fees are awarded by the Court, the

25  Service Awards set forth in the Settlement Agreement are awarded by the Court, and

26  the administrative costs are consistent with the estimate provided by KCC, the Net

27  Settlement Amount (as defined in the Settlement Agreement) is expected to be

28  $11,783,419.

37.     Based on the number of class members described in Paragraph 16 of this declaration and assuming $11,783,419 is the Net Settlement Amount, (a) a member of the California Disclosure Subclass who is not a member of the California EOS Class would receive $179.26 and (b) a member of the California EOS Subclass would receive $358.53.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of September, 2020, at Los Angeles, California.


　　　　　　　　　　　　　*/s/ Jesse Creed*
　　　　　　　　　　　　　Jesse Creed

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

Case No. 2:18-CV-06749-GW-KS
DECLARATION OF JESSE CREED

**PANISH SHEA & BOYLE LLP**
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 11111 Santa Monica Boulevard, Suite 700, Los Angeles, CA 90025.

     On September 16, 2020, I served true copies of the following document(s) described as **DECLARATION OF JESSE CREED** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

     **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on September 16, 2020, at Los Angeles, California.


                             /s/ Lucio, Jaqueline
                             Lucio, Jaqueline

Case No. 2:18-CV-06749-GW-KS

DECLARATION OF JESSE CREED

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1

**SERVICE LIST**
**Bloom v. Act, et al.**
2 **Case No. 2:18-cv-06749-GW-KS**

3  Eric L. Samore                                   Alisha C. Burgin
   Albert M. Bower                                  PERKS COIE LLP
4  SMITHAMUNDSEN LLC                                1888 Century Park East
   150 N. Michigan Avenue, Suite 3300               Suite 1700
5  Chicago, IL 60601                                Los Angeles, CA 90067

6  Attorneys for Defendants

7  G David Rubin                                    Robert A Burgoyne
   Hayk Ghalumyan                                   Perkins Coie LLP
8  Litchfield Cavo LLP                              700 Thirteenth Street NW Suite 600
   251 South Lake Avenue Suite 750                  Washington, DC 20005
9  Pasadena, CA 91101

10 Co-Counsel for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:18-CV-06749-GW-KS

DECLARATION OF JESSE CREED