# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HALIE BLOOM, *et al.*, and all others similarly situated.<br><br>        Plaintiffs,<br><br>  v.<br><br>ACT, INC., a corporation, and DOES 1-100.<br><br>        Defendant. | Case No.: CV 18-6749-GW-KSx<br>District Judge George H. Wu;<br>Magistrate Judge Karen L. Stevenson<br><br>**CONSENT DECREE** |
| JAQUEL PITTS, an individual, and all others similarly situated,<br><br>        Plaintiff-Intervenor,<br><br>  v.<br><br>ACT, INC., a corporation, and DOES 1-100.,<br><br>Defendant. | |

Plaintiffs HALIE BLOOM, an individual, DEVON LINKON, an individual, EMMA L., an individual, JOHN DOE, an individual, SAM M., an individual; CAROLINE L., an individual; JANE DOE, an individual; M. B., an individual; A. C., an individual, and JAQUEL PITTS, an individual, on behalf of themselves and similarly situated individuals as described herein ("Plaintiffs"), through their undersigned counsel, having filed a claim for injunctive relief, and Defendant ACT, Inc. ("Defendant" or "ACT," and together with Plaintiffs, the "Parties" or "Settling Parties"), through its undersigned counsel, having appeared and stipulated to the entry of this Consent Decree, and Plaintiffs having consented to this Decree:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.  This Court has jurisdiction over the subject matter and all parties to this action under 28 U.S.C. §§ 1331 and 1332 and its inherent equitable powers, in all cases for purposes of entering and enforcing this Consent Decree.

2.  The Third Amended Complaint filed on August 19, 2019 in this action alleged claims for injunctive relief under the Americans with Disabilities Act, the Rehabilitation Act, California's Unruh Act, the California Constitution, and California's Unfair Competition Law (Business & Professions Code § 17200).

3.  Defendant denied those claims and does not admit or concede any liability or wrongdoing whatsoever to Plaintiffs and expressly denies any such liability or wrongdoing.

4. This Consent Decree is part of an amicable resolution of disputed claims, as to which there have been no findings of fact or conclusions of law made by the Court on the merits of any claims asserted by the Plaintiffs.

5. For purposes of this Consent Decree:

   a. The Parties stipulate to, and waive their rights to appeal from, class certification, for settlement purposes only, of the following Injunctive Relief Class pursuant to Fed. R. Civ. P. 23(b)(2):

   All individuals in the United States who meet either of the following criteria: (a) took the ACT Test through Special Testing at any time or (ii) provided an Eligible SPS Question 8 response at any time.

   b. The Parties stipulate to, and waive their rights to appeal from, the appointment of Panish, Shea & Boyle LLP and Miller Advocacy Group PC as class counsel ("Class Counsel").

6. For purposes of this Consent Decree, the following definitions shall apply:

   a. "ACT® Test" or "ACT Test" refers to the standardized college admissions test that is developed and administered by ACT, Inc.

      b.    "EOS" refers to ACT's "Educational Opportunity Service" or any similar enrollment management program or student search service offered and operated by ACT.

      c.    "Covered Program" is a college, university, scholarship organization, athletic association, postsecondary program, Congressional office, enrollment management company, or any other entity assigned an ACT Code in the "ACT Code Numbers for Colleges and Other Score Recipients" publication.

      d.    "College-Reportable" score is a score for the ACT Test that is reportable by ACT to any Covered Program in an official ACT Test score report.

      e.    "National Testing" is ACT's program for administering the ACT Test at test centers throughout the United States.

      f.    "Non-College Reportable" score is one achieved on the ACT Test using accommodations and/or English Language supports that are not approved by ACT through its standard accommodation review process and instead are approved by a state agency or department, a school, or a local educational agency.

      g.    "Qualified User" is a college, university, entity that offers scholarships, or an entity that offers other educational or scholarship opportunities for individuals with disabilities that certifies in writing to ACT that it has programs or services for individuals with mental or physical impairments, is aware of the

regulations regarding pre-admission inquiries under the Rehabilitation Act and, if applicable, has reviewed them, will access and use the information provided by ACT in compliance with all applicable laws, and has stated in writing to ACT that it will not disclose the individual's interest in learning about such opportunities to personnel who will make decisions regarding the individual's admission to any postsecondary program prior to any admission decision.

       h.    "Special Testing" means ACT's program for administering the ACT Test to individuals with disabilities whose accommodations include accommodations that cannot be provided during a National test administration at ACT test centers (such as more than 50% extra testing time or testing over multiple days).

       7.    Upon entry of this Consent Decree, ACT, Inc. is permanently restrained and enjoined from :

       a.    Providing any information on score reports for the ACT Test that it provides to any Covered Program, for any test taken in a College-Reportable manner, which discloses that the examinee received disability-related testing accommodations or that the examinee has a disability (including examinees self-identifying as having a disability).

       b.    Using "SCHOOL" or "national" to identify the location of an exam administration on score reports for the ACT® Test, or any other "location" identifier

that would identify whether an individual took the ACT® Test by way of National or Special Testing.

      c.      Including any examinee's answer to any question regarding disabilities on any score report for the ACT Test sent to any Covered Program, for any test taken in a College-Reportable manner.

      d.      Inquiring into an examinee's disability status during registration for or administration of the ACT Test for reasons unrelated to the provision of testing accommodations.

      e.      Allowing users of EOS to use either disability status or receipt of accommodations as a search criterion.

8.      Upon entry of this Consent Decree, ACT, Inc. is permanently enjoined to:

      a.      Assign ACT ID numbers to ACT Test examinees without regard to whether an examinee tested with accommodations and without regard to whether an examinee has or does not have any disabilities.

      b.      Allow all examinees to enroll in EOS in the same manner during the process of registering to the take the ACT Test, without regard to whether an examinee will test with or without accommodations and without regard to whether an examinee has or does not have any disabilities.

9. Notwithstanding Paragraph 7(b), ACT may use the Test Location field to indicate that an ACT Test was taken through state or district testing, DANTES testing, residual testing, or international testing. ACT reserves the right to use the Test Location field to indicate other test locations as well, provided that those locations do not indicate that an exam was taken through National or Special Testing, that an exam was taken with testing accommodations, or that the examinee had a disability at the time of test administration (including examinees self-identifying as having a disability).

10. Notwithstanding any other provision of this Consent Decree, this Consent Decree does not prohibit the activities described in this paragraph: ACT may ask examinees during registration for or administration of the ACT Test whether they would like their contact information to be provided to a Qualified User so that the Qualified User may reach out to them regarding scholarships or other educational opportunities for individuals with disabilities. If an examinee answers yes, ACT may provide that examinee's name, contact information, and answer to the question(s) regarding such interest only to Qualified Users.

11. ACT agrees that it will cause its subsidiaries and affiliates, including but not limited to NRCCUA, to comply with the obligations undertaken by ACT in paragraphs 7 and 8 above to the extent they possess any disability information that originated with ACT and have assumed responsibility for the reporting of ACT Test

scores or ACT's enrollment service products relating to any examinees who, according to ACT's records, reside in the United States or have their scores reported to entities located in the United States.  Subsidiary means an entity in which ACT directly or indirectly owns more than half its stock, membership units, or other equity interests. Affiliate means an entity in which ACT directly or indirectly owns less than half of its stock, membership, or other equity interest, but nonetheless has the power to elect more than half of its board of directors or trustees.  Notwithstanding its Privacy Policy, ACT will not disclose information obtained pursuant to Paragraph 10 to any entities that are not included within the definition of "affiliate" provided in this paragraph.

12. Notwithstanding any other provision of this Consent Decree, ACT may make any disclosures required or permitted in response to a subpoena or other legal processes, required by law, or in connection any government or governmental agency investigation.

13. Before any litigation is commenced to enforce this Consent Decree, ACT and Class Counsel or the affected Class Member (as applicable) shall make a good faith effort to resolve any dispute without court intervention. As part of this good faith effort to resolve any dispute, a Class Member or Class Counsel must provide notice in writing to ACT of a dispute under the Consent Decree (a "Written Notice"), afford ACT a reasonable opportunity to provide a response to such Written Notice or cure

the alleged breach, and then hold a meet-and-confer session with counsel for ACT in person.  If ACT does not provide a response to the Written Notice within 30 days' of such notice, then Class Counsel or the Class Member (as applicable) may file an enforcement action.  If, after ACT provides a response to the Written Notice and the relevant parties conduct an in-person meet and confer, the alleged breach has not been resolved by the relevant parties,  the Class Member or Class Counsel shall be deemed to have discharged their obligation to meet and confer under this section and may seek judicial relief.  Failure to make a good-faith effort to resolve such disputes as described in this paragraph shall result in the Court either dismissing any action or proceeding to enforce this Consent Decree or staying the proceeding until such good-faith effort has occurred.  In determining whether a Class Member or Class Counsel has afforded ACT a reasonable opportunity to provide a response to such Written Notice or cure the alleged breach, the Court shall consider whether the affected Class Member has notified ACT that such Class Member will suffer irreparable injury absent compliance with this Consent Decree (including sufficient information to enable ACT to evaluate such claim of irreparable injury) and the approximate date such irreparable injury is expected to occur.

   14. ACT or Class Counsel may request that the other party agree to a modification to any term in the Consent Decree for good cause, and approval for such a modification will not be unreasonably withheld.  Any such modification must be

made by way of a written agreement signed by an authorized representative of ACT and Class Counsel. Subject to the dispute resolution process above, either ACT or Class Counsel may petition the Court to modify the terms of this Consent Decree to the extent permissible under existing law. ACT may not ask any Class Members to waive any of ACT's obligations under this Consent Decree.

15. Notwithstanding any other provision, the restrictions imposed on ACT by this Consent Decree will not apply to ACT's reporting of Non-College-Reportable scores.

16. Each Plaintiff and each Class Member hereby broadly releases and forever discharges ACT, Inc., its officers, directors, affiliates, predecessors and successors-in-interest from any and all federal and California claims against ACT for injunctive relief arising out of or related to the facts alleged in the Third Amended Complaint, the collection or disclosure of disability or disability-related information in connection with the ACT Test, enrollment in EOS, or disclosure of disability-related information through EOS.  For clarity, the foregoing release does not release claims for injunctive relief based on any practices related to Non-College-Reportable Scores, data breaches, or the activities described in Paragraph 10 above to the extent they violate applicable law. For purposes of this paragraph, a "data breach" is defined as the unauthorized acquisition of computerized data that compromises the security, confidentiality, or integrity of personal information maintained by ACT; the good

faith acquisition of information by an employee or agent of ACT for the purposes of ACT's business is not a "data breach" as long as the information is not used for an unauthorized purpose or subject to further disclosure for a purpose that is unauthorized.

SO ORDERED:

DATED: April 1, 2021

_____
HON. GEORGE H. WU, U.S. District Judge

Submitted by:

PANISH SHEA & BOYLE LLP

By _____/s/ Jesse Creed_____
Rahul Ravipudi
Jesse Creed
Attorneys for Plaintiffs and Class Members

SMITHAMUNDSEN LLC

_____/s/ Ronald Balfour_____
Eric Samore
Ronald Balfour
Attorneys for ACT, Inc.

10
CONSENT DECREE