PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard Suite 700
Los Angeles California 90025
310.477.1700 phone • 310.477.1699 fax

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HALIE BLOOM, *et al.*, and all others similarly situated. <br><br> Plaintiffs, <br><br> v. <br><br> ACT, INC., a corporation, and DOES 1-100. <br><br> Defendant. | Case No.: CV 18-6749-GW-KSx <br> District Judge George H. Wu; <br> Magistrate Judge Karen L. Stevenson <br><br> **FINAL ORDER AND JUDGMENT** <br><br> Date:   April 1, 2021 <br> Time:   8:30 a.m. <br> Crtrm.: 9D |
| JAQUEL PITTS, an individual, and all others similarly situated, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> ACT, INC., a corporation, and DOES 1-100., <br><br> Defendant. | |

Plaintiffs' Motion for (1) Final Approval of Class Action Settlement Under Fed. R. Civ. P. 23(e), (2) for Approval of Award of Attorney's Fees and Costs, and (3) for Approval of Class Representative Service Awards came on for hearing before this Court on April 1, 2021, at 8:30 a.m.. The Court held a fairness hearing under Rule 23(e)(2) on April 1, 2021 at 8:30 a.m. After full consideration of the matter, this Court finds as follows:

    1.    Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over this litigation, Plaintiffs, Defendants, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3. On October 1, 2020, this Court entered an Order Granting Motion for Preliminary Approval of Class Action Settlement, in which the Court preliminarily approved the proposed Settlement as being fair, reasonable, and adequate to the Settlement Classes; preliminarily certified settlement classes; designated class representatives and class counsel; appointed a Settlement Administrator; approved the forms and methods of disseminating information about the Settlement and requested attorney's fees, costs, and service awards and found them to constitute the best notice practicable under the circumstances, satisfied the requirements of due process, was reasonably calculated to apprise California Class Members of the nature of this litigation, the scope of the California Settlement Classes, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court would grant timely exclusion requests, the time and manner for requesting exclusion, and the binding effect of final approval.

4. The Settlement is finally approved as being a fair, reasonable, and adequate class action settlement. The Court further finds based on its review of the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion for preliminary and final approval, papers and briefs, the declarations submitted in support of the motions, and any statements made on the record during the Preliminary Approval Hearing and the hearing on April 1, 2021 that the Settlement Agreement was the result of serious, informed, non-collusive negotiations conducted with the assistance of the Honorable Louis Meisinger.

5. The Settlement does not improperly grant preferential treatment to any individual or segment of the Settlement Class; does not exhibit any signs of collusion, explicit or subtle; and is fair, reasonable, and adequate under Federal Rule

of Civil Procedure 23(e)(2).

6. For purposes of this order, settlement, and judgment, ACT does not admit or concede any liability or wrongdoing whatsoever to any other Party or class member and expressly denies any such liability or wrongdoing.

7. The Court therefore GRANTS final approval of the Settlement.

## **FINDINGS ON SETTLEMENT CLASS CERTIFICATION**

8. The Court certifies the following California Settlement Classes for purposes of judgment on the proposed Settlement under the Rule 23(b)(3):

*California Disclosure Subclass*: All individuals who meet all of the following criteria in connection with any single administration of the ACT Test according to ACT's records:

(a) took an ACT Test on or after September 1, 2002, and on or before August 2, 2020;

(b) resided in California at the time they took the ACT Test or took the ACT Test in California; and

(c) satisfies at least one of the following criteria: (i) such individual provided an Eligible SPS Question 8 Response or (ii) such individual was administered the exam through Special Testing.

*California EOS Subclass*: All individuals who meet the following criteria in connection with any single administration of the ACT Test according to ACT's records:

(a) took an ACT Test through Special Testing on or after September 1, 2007, and before August 2, 2020;

(b) resided in California at the time they took the ACT Test or took the ACT Test in California; and

(c) left the response to the EOS Opt-In Query blank on the Special Testing answer folder for at least one exam.

9. The Court certifies the following Settlement Class for purposes of judgment on the proposed Settlement under the Rule 23(b)(2):

*Injunctive Relief Class:* All individuals in the United States who meet either of the following criteria:

    (a) Took the ACT Test through Special Testing at any time, or

    (b) Provided an Eligible SPS Question 8 response at any time.

10. The Court finds, for settlement purposes only, that the requirements of Rule 23(a) are satisfied.

11. Rule 23(a)(1) is satisfied because the California Disclosure Subclass consists of 56,049 unique individuals, the California EOS Subclass consists of at least 9,699 unique individuals, and the Injunctive Relief Class consists of at least 56,049 unique individuals.

12. Rule 23(a)(2) is satisfied because there are common issues of fact and law, including the following:

    a. Does or did ACT have a policy of annotating college score reports with information indicating that the examinee has a disability or a need for testing accommodations?

    b. Would the aforementioned policy be or have been unlawful under the Americans with Disabilities Act, the Unruh Act, California's Unfair Competition Law, or California's constitutional right to privacy?

    c. Does or did ACT have a policy of requiring Special Testing examinees to complete an additional burden to enroll in the EOS program? Does ACT operate a place of public accommodation?

    d. Would the aforementioned policy be or have been unlawful under the Americans with Disabilities Act, the Unruh Act, California's Unfair Competition Law, or California's constitutional right to privacy?

    e. Would statutory tolling under the discovery rule or fraudulent

concealment toll the statute of limitations for class members as to each of the alleged policies challenged?

13. The Court further finds, for settlement purposes only, that the Class Representatives' claims are typical of those of Settlement Class Members and that the Class Representatives will fairly and adequately protect the interests of the Settlement Class; therefore Rule 23 (a)(3) and (4) are satisfied.

14. Additionally, the Court finds, for settlement purposes only, that the requirements of Rule 23(b)(2) are satisfied as to the Injunctive Relief Class, as ACT is alleged to have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole;

15. Additionally, the Court finds, for settlement purposes only, that the requirements of Rule 23(b)(3) are satisfied as to the California Settlement Classes, as the questions of law or fact common to the Settlement Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

16. The Court confirms its appointment of:

    a. All Plaintiffs as Class Representatives of the Injunctive Relief Class.

    b. Halie Bloom, Devon Linkon, Jaquel Pitts, M.B., Jane Doe, A.C., and John Doe as Class Representatives for the California Disclosure Subclass.

    c. Halie Bloom, Devon Linkon, M.B., Jane Doe, A.C., and John Doe as Class Representatives for the California EOS Subclass.

## NOTICE AND ADMINISTRATION

17. The Court finds that the Parties have satisfactorily implemented the procedures for individual notice to the California Settlement Classes pursuant to the Settlement Agreement and the Preliminary Approval Order.

18. The Court finds that the Notice satisfied the requirements of due process and Federal Rule of Civil Procedure 23 and provided the best notice

practicable under the circumstances. The Court confirms that the Notice and plan for its dissemination were reasonably calculated to apprise members of the California Settlement Classes of the nature of this litigation, the scope of the California Settlement Classes, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court would grant timely exclusion requests, the time and manner for requesting exclusion, and the binding effect of final approval.

19. The Court find no objections have been submitted by Class Members.

20. The Court finds that two Class Members submitted requests for exclusion from the California Subclasses. Those persons, whose identities have been provided to Class Counsel and defense counsel, are excluded from the California Subclasses and are not bound by the Settlement (other than to the extent a member of the Injunctive Relief Class).

## CONSENT DECREE

21. The Consent Decree attached hereto as Exhibit A is part of this Final Order and Judgment, binding on the parties to which it applies, and is effective as of the Effective Date of the Settlement.

## ATTORNEY'S FEES AND EXPENSES

22. Class Counsel are hereby awarded attorneys' fees in the amount of $3,921,365.77, representing approximately 24.5% of the Settlement Amount, and $78,634.23 in litigation expenses. Attorney's Fees and Expenses will be paid from the Settlement Amount in accordance with the manner of payment set forth in the Settlement Agreement.

23. The Court finds the award of attorney's fees and expenses to be fair and reasonable. In making this finding, the Court has considered and found that:

   a. Upon the Effective Date, the Settlement will create a common fund consisting of $16 million in cash that will be funded into an Escrow Account under the terms of the Settlement Agreement, and the Class Members will benefit

from the Settlement;

        b.    Copies of the Post Card Notice were mailed to 26,289 California Class Members, and the Email Notice was emailed to 29,748 class members, informing the California Class Members that Class Counsel will request attorney's fees and expenses up to $4 million. There were no objections to the settlement;

        c.    Class Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

        d.    The action raised a number of complex issues;

        e.    Had Class Counsel not achieved the Settlement, there was a significant risk that the Class Members may have recovered less or nothing from ACT, Inc.;

        f.    Class Counsel undertook the representation of the Class Representatives on a fully contingent basis, thereby assuming the risk of loss;

        g.    The award of attorney's fees amounts to 24.5% of the Settlement Amount, which is below the 25% benchmark of reasonableness under Ninth Circuit case law;

        h.    Class Counsel devoted 3843.5 hours, with a lodestar value of approximately $2,591,330.20 to achieve the Settlement;

        i.    The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Amount are fair and reasonable and consistent with awards in similar cases.

24.    The award of Attorney's Fees and Expenses will be distributed from the Settlement Amount in the manner set forth in the Settlement Agreement.

## SERVICE AWARDS

25.    The Court finds that the Class Representatives devoted sufficient time to the prosecution of this action on behalf of the classes to deserve a service award and may have risked reputational injury as a result of agreeing to be named plaintiffs in this action.

26. The Court finds and approves Class Representative Service Awards in an amount equal to $5,000 to each Class Representative, totaling $50,000.

### DISMISSAL OF ACTION AND OTHER TERMS

27. This action is dismissed with prejudice, and the Released Claims and releases and other obligations applicable to ACT in Paragraph 7 of the Settlement Agreement are released as set forth in the Settlement Agreement.

28. The Court retains jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement and this Final Order and Judgment.

29. In the event that the Settlement is terminated pursuant to the terms of the Settlement Agreement or the Effective Date fails to occur, this Order shall become void, shall have no further force or effect, and shall not be used in this action or in any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination.

Dated: April 1, 2021

*/s/ George H. Wu*

HON. GEORGE H. WU,
United States District Judge